AMOS WYMAN *versus* THOMAS SMITH & *ux.*

By the statute of 1844, c. 123, a stranger had no right to pay the tax on real estate, when the collector had returned the list of unpaid assessments until *after* sixty days from the town treasurer's first notice. But, where such a payment was made by a stranger, *before* the expiration of the sixty days, and the property was not redeemed, *it seems* that the money having remained in the treasurer's hands, might be considered as having been paid afterwards, when the right to pay it had accrued.

But when the tax still remained unpaid by the owner for the term of two years from the date of the assessment, it was the duty of the treasurer to advertise the same a second time; and, if this was not done, there was no forfeiture.

ON REPORT from *Nisi Prius*, by RICE, J.

This was a REAL ACTION to recover certain premises situated in Hallowell. Both parties claimed under Jacob Wyman, who died in 1835, seized and possessed of the premises. The demandant derived his title, through sundry mesne conveyances, from a deed from Augustus Alden, administrator of the estate of said Wyman, dated Nov. 27, 1837. The evidence in the case shows that the sale by Alden was made by virtue of a license from the Probate Court. The regularity of the proceedings was not questioned. The tenants claimed title, through mesne conveyances, by reason of an alleged forfeiture for the non-payment of taxes for the year 1850. The premises were described in the assessment as the "house, &c., occupied by widow Wyman." The tax thereon was returned as unpaid, by the collector, Oct. 15, 1851; and the same person being treasurer, he advertised the same in the State paper, during the same month, the last paper being issued Oct. 30, and the first publication being Oct. 15. On the 15th day of December following, no one, claiming to own the premises, having appeared to pay the taxes thereon, they were paid by James Sherburne, through whom the tenant claimed, and the treasurer gave him the certificate of the payment, according to the statute of 1844, c. 123. No one ever appeared to pay the tax to redeem the property; and the tenants subsequently took possession. The treasurer gave no subsequent notice.

The case was argued by

*Stinchfield,* for the demandant, and by

*J. M. Meserve,* for the tenants.

The opinion of the Court was drawn up by

DAVIS, J.——This is a real action. The premises in controversy formerly belonged to Jacob Wyman, now deceased. The demandant claims to hold under a deed from Augustus Alden, administrator of his estate, dated Nov. 27th, 1837. He was duly authorized to sell by a license from the Probate Court; and no suggestion is made, but that the proceedings in regard to the sale, were in conformity to the requirements of the statute. The demandant, therefore, acquired a good title, and must prevail, unless his title has since been lost.

The tenants claim the premises by virtue of having paid the tax assessed thereon for the year 1850, and a subsequent forfeiture, the tax not having since been paid by the owner. It was entered upon the inventory as a " house and lot occupied by widow Wyman," and so described in the collector's return of unpaid taxes, dated Oct. 15th, 1851.

The counsel for the tenants claims, that this is a " tax assessed upon real estate owned by non-residents," within the terms of the statute of 1844, c. 123, § 1. There is nothing, either in the assessment or in the facts reported, to show that the owner was a non-resident; and, if the case turned upon this point, we might doubt it. But both parties seem to have conceded this, and, therefore, we express no opinion in regard to it.

By the statute aforesaid, within three months from the time when the collector returns his list of unpaid taxes, the treasurer was required to give notice thereof; and, " after sixty days from the first publication of the treasurer's first notice," any person might discharge the tax, and acquire a title to the land, subject to be defeated by redemption. The grantor of the tenants in this case paid the tax on the *sixtieth* day. This was not *after* sixty days. But, as the owner did not re-

dcem, and the money remained with the treasurer until after the time expired, it may be considered as having been paid afterwards.

The tax remained unpaid by the owner "for the term of two years from the date of the assessment." It then became the duty of the treasurer to advertise the same a second time. Statute of 1844, c. 123, § 5. It does not appear in this case that this second notice was ever given by the treasurer. This not having been done, the property was not forfeited, and the person paying the tax acquired no title. *Brown* v. *Veazie,* 25 Maine, 359.                    *Judgment for the demandant.*

TENNEY, C. J., RICE, HATHAWAY, APPLETON, and MAY, J. J., concurred.